UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

**In re:**                                              Case No.: 14-23838-BKC-PGH
                                                        Chapter 11 proceeding

**ROMERO, CARLOS ROBERT,**

    **Debtor.**

_____/

### MOTION OF MORGAN STANLEY SMITH BARNEY, LLC AND MORGAN STANLEY SMITH BARNEY FA NOTES HOLDINGS, LLC, TO DISMISS, OR IN THE ALTERNATIVE, CONVERT CASE

COMES NOW the Creditors, **Morgan Stanley Smith Barney, LLC and Morgan Stanley Smith Barney FA Note Holdings, LLC**, (hereinafter collectively referred to as "Morgan Stanley") by and through undersigned counsel, and hereby files this Motion to Dismiss, or, in the alternative, Convert to a Chapter 7 Bankruptcy, and in support thereof states:

    1.    Morgan Stanley is a creditor of the Debtor, as holder of three promissory notes dated February 29, 2008, April 14, 2008, and April 13, 2010, respectively, evidencing loans made to the Debtor as former employee of Morgan Stanley, on which an aggregate current balance of $691,606.79 remains due and owing.

    2.    This matter was initiated by the filing of a voluntary Chapter 11 bankruptcy on the 17th day of June, 2014 by Carlos Robert Romero ("Debtor") in this Court, and the Debtor was continued in possession of his properties and management of his affairs as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

    3.    Since that time, the Debtor has failed to file a plan, and there appears to be no likelihood that he will be able to do so in the foreseeable future. Meanwhile, the Debtor's own operating reports reveal ever-increasing losses each month, resulting in ongoing diminution of the estate to the prejudice of creditors.

4.     On July 1, 2014, the Debtor filed his Schedules, Statement of Financial Affairs, **(DE#14)** and his Statement of Monthly Income **(DE#15)**. On July 31, 2014, the United States Trustee's attorney conducted and concluded the Debtor's 11 U.S.C. § 341 First Meeting of Creditors ("Meeting").

5.     Since that date, there has been little record activity in the case, but for the filing of required Monthly Operating Reports, and two (2) motions seeking extensions of the exclusivity period[1]. In the meantime, those operating reports reveal ongoing – and escalating -- depletion of the estate without any reasonable prospect of reorganization.

6.     At the meeting of creditors, the Debtor claimed to have just opened a new business "Romero Investments, Inc." only days before commencement of this case, from which he hoped eventually to generate a "positive cash flow." From the Debtor's own operating reports, however, this has clearly not proved to be the case.

7.     According to the Debtor's August 2014 MOR **(DE#42)**, filed on September 22, 2014, he had monthly receipts of $8,437.13, as against total monthly disbursements of $16,495.96. As such, the Debtor's monthly net cash flow for that month was a negative eight thousand fifty-eight dollars and seventy-seven cents (-$8,058.77).

8.     According to the Amended September 2014 MOR **(DE#50)**, filed on October 21, 2014, the Debtor had monthly receipts of $4,382.49, as against total monthly disbursements of $18,766.58. As such, the Debtor's monthly net cash flow was a negative fourteen thousand three hundred eighty-four dollars and nine cents (-$14,384.09).

9.     According to the October 2014 MOR **(DE#55),** filed on October 14, 2014, the Debtor had monthly receipts of $8,549.35, as against total monthly disbursements of nineteen $19,795.83. As such, the Debtor's monthly net cash flow was a negative eleven thousand

---

1 The Debtor filed his initial Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement **(DE#44)** on October 3, 2014. Pursuant to this Motion, the Debtor sought up through and including January 13, 2015, in which to exclusively file a Chapter 11 Plan and Disclosure Statement. The Court granted this Motion by its Order Granting Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement **(DE#49)** entered October 22, 2014. Most recently, on January 8, 2015, the Debtor filed his Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement **(DE#67)** wherein he is seeking a second extension of the exclusive period up through and including March 13,

two hundred forty-six dollars and forty-eight cents (-$11,246.48).

10. According to the Amended November 2014 MOR **(DE#64)**, filed December 22, 2014, the Debtor had monthly household receipts of $3,946.24, as against monthly household disbursements of $28,547.35. As such, the Debtor's monthly net cash flow was a negative twenty-four thousand six hundred one dollars and eleven cents (-$24,601.11).

11. Accordingly, the estate has been steadily depleted by nearly $60,000 over the past five months, while the Debtor has yet to file a plan and continues to request additional extensions of time in which to do so.

### THE COURT SHOULD DISMISS OR CONVERT THE CASE TO CHAPTER 7

12. Section 1112(b)(1) of the Bankruptcy Code states that absent unusual circumstances, "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate," if the movant establishes cause. **11 U.S.C. § 1112(b)(1)**. Although not exhaustive, certain items that, if proven, would be cause for dismissal or conversion purposes are delineated in 11 U.S.C. § 1112(b)(4).

13. Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation is cause for dismissal or conversion to Chapter 7. **11 U.S.C. § 1112(b)(4)(A)**.

14. Gross mismanagement of the estate is cause for dismissal or conversion to Chapter 7. **11 U.S.C. § 1112(b)(4)(B)**.

15. As shown through the Monthly Operating Reports filed, the Debtor has had a negative cash flow in the last five months of this pending Chapter 11 case.

16. Given this negative cash flow, it is clear there is a continuing loss to or diminution of the estate. Those mounting losses, coupled with the Debtor's inability to file a confirmable plan, also evidence a lack of a reasonable likelihood of rehabilitation. Indeed, Morgan Stanley would assert that the Debtor's delay in moving this case towards reorganization is a gross mismanagement of the estate.

---

2015. The Debtor's Second Motion is scheduled for February 3, 2015.

17. Accordingly, Morgan Stanley asserts that it is not in the best interest of creditors for this case to stay in a Chapter 11, and that cause exists under 11 U.S.C. § 1112(b)(4)(A)(B) to either dismiss this case, or, in the alternative convert this case to a Chapter 7 proceeding.

WHEREFORE, for the reasons set forth above, the Creditors, **Morgan Stanley Smith Barney, LLC and Morgan Stanley Smith Barney FA Note Holdings, LLC,** respectfully request that the Court enter an Order pursuant to 11 U.S.C. § 1112(b)(4) dismissing this case, or in the alternative, converting this case to Chapter 7, and grant such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by CM/ECF on the 9th day of January, 2015 to:

Frederic J Dispigna on behalf of Creditor CitiMortgage, Inc
frederic.dispigna@brockandscott.com, flbkecf@brockandscott.com

Brett A Elam, Esq. on behalf of Creditor Morgan Stanley Smith Barney FA Notes Holdings, LLC
belam@brettelamlaw.com,
info@brettelamlaw.com;deanna@brettelamlaw.com;brettelamlaw@gmail.com;elise@adamfarberlaw.com;josi@adamfarberlaw.com

Brett A Elam, Esq. on behalf of Creditor Morgan Stanley Smith Barney, LLC
belam@brettelamlaw.com,
info@brettelamlaw.com;deanna@brettelamlaw.com;brettelamlaw@gmail.com;elise@adamfarberlaw.com;josi@adamfarberlaw.com

Vivian J Elliott on behalf of Creditor JPMorgan Chase Bank, National Association
velliott@logs.com

Tarek K Kiem on behalf of Debtor Carlos Robert Romero
rappaport@kennethrappaportlawoffice.com,
tarek@kennethrappaportlawoffice.com;tarek.kiem@gmail.com

Gerard M Kouri Jr., Esq on behalf of Creditor Wells Fargo Bank N.A.
gmkouripaecf@gmail.com, gmkouri@bellsouth.net

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Kenneth S Rappaport, Esq on behalf of Debtor Carlos Robert Romero
rappaport@kennethrappaportlawoffice.com

          BRETT A. ELAM, P.A.
          Attorney for Creditors
          Morgan Stanley Smith Barney LLC and Morgan
          Stanley Smith Barney FA Notes Holdings, LLC
          105 S. Narcissus Avenue
          Suite 802
          West Palm Beach, FL 33401
          (561) 833-1113 (telephone)
          (561) 833-1115 (facsimile)


  By: /s/ Brett A. Elam            .
      BRETT A. ELAM
      Florida Bar No. 576808